L.B.F. 3015.1

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA**

IN RE:   ANTHONY WALL,                :   CASE NO. 25-12218-djb
                                      :
         Debtor.                      :   CHAPTER 13

**CHAPTER 13 PLAN**

☒ Original
☐ _____ Amended

Date:   June 25, 2025

**THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE**

**YOUR RIGHTS WILL BE AFFECTED**

You should have received from the Court a separate Notice of the Hearing on Confirmation of Plan, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. **ANYONE WHO WISHES TO OPPOSE ANY PROVISION OF THIS PLAN MUST FILE A WRITTEN OBJECTION** in accordance with Bankruptcy Rule 3015 and Local Rule 3015-5. **This Plan may be confirmed and become binding, unless a written objection is filed**.

**IN ORDER TO RECEIVE A DISTRIBUTION UNDER THE PLAN, YOU
MUST FILE A PROOF OF CLAIM BY THE DEADLINE STATED IN THE
NOTICE OF MEETING OF CREDITORS.**

## Part 1: Bankruptcy Rule 3015.1(c) Disclosures

☒ Plan contains non-standard or additional provisions – see Part 9
☒ Plan limits the amount of secured claim(s) based on value of collateral and/or changed interest rate – see Part 4
☐ Plan avoids a security interest or lien – see Part 4 and/or Part 9

**Part 2: Payment, Length and Distribution – PARTS 2(c) & (e) MUST BE COMPLETED IN EVERY CASE**

**§2(a) Plan payments (For Initial and Amended Plans):**

**Total Length of Plan:** __60__ **months.**

**Total Base Amount to be paid to the Chapter 13 Trustee ("Trustee") $** __12,000.00__
Debtor shall pay the Trustee $ __200.00__ per month for __60__ months; and
Debtor shall pay the Trustee $ _____ per month for the remaining ____ months.
**or**
Debtor shall have already paid the Trustee $_____ through month number _____
and then shall pay the Trustee $_____ per month for the remaining _____ months.

☒ Other changes in the scheduled plan payment are set forth in §2(d).

**§2(b) Debtor shall make plan payments to the Trustee from the following sources in addition to future wages (Describe source, amount and date when funds are available, if known):**

**§2(c) Alternative treatment of secured claims:**

☐ **None.** If "None" is checked, the rest of §2(c) need not be completed.

☐ **Sale of real property**
*See §7(c) below for detailed description*

☐ **Loan modification with respect to mortgage encumbering property:**
*See §4(f) below for detailed description*

**§2(d) Other information that may be important relating to the payment and length of Plan:**

Plan will terminate earlier than 60 months upon full payment of timely filed claims in the event Claim No. 2 is satisfied by refinancing and upon full payment of the base amount made by Debtor.

**§2(e) Estimated Distribution:**

| | | | |
|---|---|---|---:|
| A. | Total Administrative Fees (Part 3) | | |
| | 1. Post-petition attorney's fees and costs | $ | 2,725.00 |
| | 2. Post-confirmation Supplemental attorney's fees and costs | $ | 0.00 |
| | Subtotal | $ | 2,725.00 |
| B. | Other priority claims (Part 3) | $ | 0.00 |
| C. | Total distribution to cure defaults (§4(b)) | $ | 0.00 |
| D. | Total distribution on secured claims (§§4(c) &(d)) * | $ | 8,195.00 * |
| E. | Total distribution on general unsecured claims (Part 5) | $ | 0.00 |
| | Subtotal | $ | 10,920.00 |
| F. | Estimated Trustee's Commission | $ | 1,080.00 |
| G. | Base Amount | $ | 12,000.00 * |

**§2(f)   Allowance of Compensation Pursuant to L.B.R. 2016-3(a)(2)**

☒ **By checking this box, Debtor's counsel certifies that the information contained in Counsel's Disclosure of Compensation [Form B2030] is accurate, qualifies counsel to receive compensation pursuant to L.B.R. 2016-3(a)(2), and requests this Court approve counsel's compensation in the total amount of  $4,725.00 for the flat rate portion of the retainer agreement per paragraph 7(A) of the Rule 2016(b) form, and with the Trustee distributing to counsel the amount stated in §§2(e)(A)(1) and 3(a) of the Plan.  Confirmation of the plan shall constitute allowance of the requested compensation.**

## Part 3:  Priority Claims (Including Administration Expenses & Debtor's Counsel Fees)

**§3(a)  Except as provided in §3(b) below, all allowed priority claims will be paid in full unless the creditor agrees otherwise:**

| Creditor | Proof of Claim Number | Type of Priority | Amount to be Paid by Trustee |
|---|---|---|---|
| Trustee Compensation | n/a | Administrative | Percentage set by U.S. Trustee |
| Debtor's Counsel | n/a | Administrative | $2,725.00 |

**§3(b)  Domestic Support obligations assigned or owed to a governmental unit and paid less than full amount.**

☒ **None.**  If "None" is checked, the rest of §3(b) need not be completed.

☐  The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. This plan provision requires that payments in §2(a) be for a term of 60 months; see 11 U.S.C. §1322(a)(4).

| Name of Creditor | Proof of Claim Number | Amount of Claim to be Paid |
|---|---|---|
|  |  |  |

## Part 4: Secured Claims

**§4(a)  Secured claims not provided for by the Plan:**

☐ **None.**  If "None" is checked, the rest of §4(a) need not be completed.

| Creditor | Proof of Claim Numbers | Secured Property |
|---|---|---|
| ☒ If checked, the creditor(s) listed below will receive no distribution from the trustee and the parties' rights will be governed by agreement of the parties and applicable non-bankruptcy law.<br><br>U.S. Bank, N.A./Select Portfolio Servicing | Not filed yet | 5033 Schuyler Street<br>Philadelphia, PA  19144 |

### §4(b)  Curing Default and Maintaining Payments

☒ **None.**  If "None" is checked, the rest of §4(b) need not be completed.

The Trustee shall distribute an amount sufficient to pay allowed claims for prepetition arrearages; and, Debtor shall pay directly to creditor monthly obligations falling due after the bankruptcy filing in accordance with the parties' contract.

| Name of Creditor | Proof of Claim Number | Description of Secured Property | Allowed Secured Claim | Present Value Interest Rate | Dollar Amount of Present Value Interest | Amount to be Paid by Trustee |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

### §4(c)  Allowed Secured Claims to be Paid in Full:  Based on Proof of Claim or Pre-Confirmation Determination of the Amount, Extent or Validity of the Claim

☐ **None.**  If "None" is checked, the rest of §4(c) need not be completed.

(1)  Allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

(2)  If necessary, a motion, objection and/or adversary proceeding, as appropriate, will be filed to determine the amount, extent or validity of the allowed secured claim and the Court will make its determination prior to the confirmation hearing.

(3)  Any amounts determined to be allowed unsecured claims will be treated either: (A) as a general unsecured claim under Part 5 of the Plan or (B) as a priority claim under Part 3, as determined by the Court.

(4)  In addition to payment of the allowed secured claim, "present value" interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below.  If the claimant included a different interest rate or amount for "present value" interest in its proof of claim, or otherwise disputes the amount provided for "present value" interest, the claimant must file an objection to confirmation.

(5)  Upon completion of the Plan, payments made under this section satisfy the allowed secured claim and release the corresponding lien.

| Name of Creditor | Proof of Claim Number | Description of Secured Property | Allowed Secured Claim | Present Value Interest Rate | Dollar Amount of Present Value Interest | Amount to be Paid by Trustee |
|---|---|---|---|---|---|---|
| City of Philadelphia Water Revenue Bureau | Not filed yet | 5033 Schuyler St. Philadelphia, PA 19144 | $ 8,195.00 | n/a | n/a | $ 8,195.00 |

### §4(d)  Allowed secured claims to be paid in full that are excluded from 11 U.S.C. §506

☒ **None.**  If "None" is checked, the rest of §4(d) need not be completed.

The claims below were either (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

(1)  The allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

(2)  In addition to payment of the allowed secured claim, "present value" interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below. If the claimant included a different interest rate or amount for "present value" interest in its proof of claim, the court will determine the present value interest rate and amount at the confirmation hearing.

| Name of Creditor | Proof of Claim Number | Description of Secured Property | Allowed Secured Claim | Present Value Interest Rate | Dollar Amount of Present Value Interest | Amount to be Paid by Trustee |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  | $ |

### §4(e)  Surrender

☒ **None.**  If "None" is checked, the rest of §4(e) need not be completed.

(1)  Debtor elects to surrender the secured property listed below that secures the creditor's claim.

(2)  The automatic stay under 11 U.S.C. §362(a) with respect to the secured property remains in effect upon confirmation of the Plan unless terminated by the Court after notice and hearing.

(3)  The Trustee shall make no payments to the creditors listed below on their secured claims.

| Creditor | Proof of Claim Number | Secured Property |
|---|---|---|
|  |  |  |

### §4(f)  Loan Modification

☐ None.  If "None" is checked, the rest of §4(f) need not be completed.

(1) Debtor shall pursue a loan modification directly with  U.S. Bank, N.A.  or its successor in interest or its current servicer,  Select Portfolio Servicing, Inc.  ("Mortgage Lender"), in an effort to bring the loan current and resolve the secured arrearage claim.

(2) During the modification application process, Debtor shall make adequate protection payments directly to Mortgage Lender in the amount of $  1,845.83  per month, which represents  the regular monthly mortgage payment  (describe basis of adequate protection payment). Debtor shall remit the adequate protection payments directly to the Mortgage Lender.

(3) If the modification is not approved by  December 31, 2025  (date), Debtor shall either (A) file an amended Plan to otherwise provide for the allowed claim of the Mortgage Lender; or (B) Mortgage Lender may seek relief from the automatic stay with regard to the collateral and Debtor will not oppose it.

## Part 5: General Unsecured Claims

### §5(a)  Separately classified allowed unsecured non-priority claims

☒ **None.**  If "None" is checked, the rest of §5(a) need not be completed.

| Creditor | Proof of Claim Number | Basis for Separate Classification | Treatment | Amount to be Paid by Trustee |
|---|---|---|---|---|
|  |  |  |  |  |

### §5(b)  Timely filed unsecured non-priority claims

(1) Liquidation Test (*check one box*)

☒ All Debtor(s) property is claimed as exempt.

☐ Debtor(s) has non-exempt property valued at $ _____ for purposes of §1325(a)(4) and plan provides for distribution of $_____ to allowed priority and unsecured general creditors.

(2) Funding:  §5(b) claims to be paid as follows (*check one box*):

☒ Pro rata

☐ 100%

☐ Other (Describe) – as allowed by the Court

## Part 6: Executory Contracts & Unexpired Leases

☒ **None.** If "None" is checked, the rest of §6 need not be completed.

| Creditor/Tenant | Nature of Contract or Lease | Treatment by Debtor Pursuant to §365(b) |
|---|---|---|
|  |  |  |

## Part 7: Other Provisions

**§7(a) General principles applicable to the Plan**

(1) Vesting of Property of the Estate (*check one box*)

☒ Upon confirmation

☐ Upon discharge

(2) Subject to Bankruptcy Rule 3012 and 11 U.S.C. §1322(a)(4), the amount of a creditor's claim listed in its proof of claim controls over any contrary amounts listed in Parts 3, 4 or 5 of the Plan. Debtor shall amend the plan or file an objection should a filed unsecured claim render the Plan unfeasible.

(3) Post-petition contractual payments under §1322(b)(5) and adequate protection payments under §1326(a)(1)(B),(C) shall be disbursed to the creditors by the Debtor directly. All other disbursements to creditors shall be made by the Trustee.

(4) If Debtor is successful in obtaining a recovery in a personal injury case or other litigation in which Debtor is the plaintiff, before the completion of plan payments, any such recovery in excess of any applicable exemption will be paid to the Trustee as a special Plan payment to the extent necessary to pay priority and general unsecured creditors, or as agreed by the Debtor and the Trustee and approved by the Court.

**§7(b) Affirmative Duties on Holders of Claims secured by a Security Interest in Debtor's Principal Residence**

(1) Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage.

(2) Subject to Bankruptcy Rule 3012 and 11 U.S.C. §1322(a)(4), the amount of a creditor's claim listed in its proof of claim controls over any contrary amounts listed in Parts 3, 4 or 5 of the Plan. Debtor shall amend the plan or file an objection should a filed unsecured claim render the Plan unfeasible.

(3) Treat the pre-petition arrearage as contractually current upon confirmation for the Plan for the sole purpose of precluding the imposition of late payment charges or other default-related fees

and services based on the pre-petition default or default(s). Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

(4) If a secured creditor with a security interest in the Debtor's property sent regular statements to the Debtor pre-petition, and the Debtor provides for payments of that claim directly to the creditor in the Plan, the holder of the claims shall resume sending customary monthly statements.

(5) If a secured creditor with a security interest in the Debtor's property provided the Debtor with coupon books for payments prior to the filing of the petition, upon request, the creditor shall forward post-petition coupon book(s) to the Debtor after this case has been filed.

**(6)  Debtor waives any violation of stay claim arising from the sending of statements and coupon books as set forth above.**

**§7(c) Sale of Real Property**

☒ **None.** If "None" is checked, the rest of §7(c) need not be completed.

(1) Closing for the sale of _____ (the "Real Property") shall be completed within ____ months of the commencement of this bankruptcy case (the "Sale Deadline"). Unless otherwise agreed by the parties or provided by the Court, each allowed claim secured by the Real Property will be paid in full under §4(b)(1) of the Plan at the closing ("Closing Date").

(2) The Real Property will be marketed for sale in the following manner and on the following terms:

(3) Confirmation of this Plan shall constitute an order authorizing the Debtor to pay at settlement all customary closing expenses and all liens and encumbrances, including all § 4(b) claims, as may be necessary to convey good and marketable title to the purchaser.  However, nothing in this Plan shall preclude the Debtor from seeking Court approval of the sale pursuant to 11 U.S.C. §363, either prior to or after confirmation of the Plan, if, in the Debtor's judgment, such approval is necessary or in order to convey insurable title or is otherwise reasonably necessary under the circumstances to implement this Plan.

(4) At the Closing, it is estimated that the amount of no less than $_____ shall be made payable to the Trustee.

(5) Debtor shall provide the Trustee with a copy of the closing settlement sheet within 24 hours of the Closing Date.

(6) In the event that a sale of the Real Property has not been consummated by the expiration of the Sale Deadline: _____.

## Part 8: Order of Distribution

**The order of distribution of Plan payments will be as follows:**

Level 1:  Trustee Commissions*
Level 2:  Domestic Support Obligations
Level 3:  Adequate Protection Payments
Level 4:  Debtor's attorney's fees
Level 5:  Priority claims, pro rata
Level 6:  Secured claims, pro rata
Level 7:  Specially classified unsecured claims
Level 8:  General unsecured claims
Level 9:  Untimely filed, allowed general unsecured claims to which the Debtor has not objected

*Percentage fees payable to the standing trustee will be paid at the rate fixed by the United States Trustee not to exceed ten (10) percent. If the Trustee's compensation rate increases resulting in the Plan becoming underfunded, the Debtor shall move to modify the Plan to pay the difference.*

## Part 9: Non Standard or Additional Plan Provisions

Under Bankruptcy Rule 3015.1(e), Plan provisions set forth below in Part 9 are effective only if the applicable box in Part 1 of this Plan is checked. Nonstandard or additional plan provisions placed elsewhere in the Plan are void.

☐ **None.** If "None" is checked, the rest of §9 need not be completed.

A)  The automatic stay shall remain in full force and effect after confirmation unless modified by Order of Court after notice and hearing.

B)  Upon completion of this or any other duly confirmed plan, as amended, or such earlier time when full payment under the Plan is received by any of the respective creditors, all tax liens, security interests, or mortgages that are paid in full, as such underlying obligations are finally determined by the Court, shall be satisfied of record without additional cost to the Debtor, other than filing fees that are the Debtor's contractual responsibility.

C)  Part 7(a)(2) is modified as follows: Confirmation of the Plan constitutes a finding by the Court that treatment of creditors under the terms of this Plan bars disbursements for any claims filed after confirmation, unless by agreement with the Debtor or ordered by the Court, with the exception of Notices of Post-Petition Mortgage Fees, Charges, and Expenses, which shall be filed and determined in accordance with Bankruptcy Rule 3002.1(c)-(e).

D)  Part 8, Level 9 is modified as follows: No distribution will be made by the Trustee to untimely filed general unsecured claims, unless by agreement with the Debtor or ordered by the Court, provided that the Debtor shall object to any such claims.

E) The Debtor will pay the full allowed amount of the Claim to be filed by U.S. Bank, N.A., as Trustee, et al., through a loan modification and/or refinancing the mortgage loan (for which the Debtor will seek Court approval to the extent required by the Debtor's prospective new mortgage lender, BlueHub Capital LLC). Any such refinancing must closed, with disbursement made directly by the title agency of the full allowed amount of the claim to U.S. Bank, N.A., as Trustee, on or before May 31, 2030. In the meantime, the Debtor will make direct post-petition mortgage payments to U.S. Bank, .N.A., as Trustee.

F) In connection with refinancing his home at 5033 Schuyler Street, Philadelphia, PA 19144, the balance due to U.S. Bank Trust, N.A., as Trustee, or the holder of the Debtor's first mortgage, c/o Select Portfolio Servicing, Inc., or the servicer of the first mortgage at the time of refinancing will be paid directly by the closing agent for the refinancing. The anticipated date of closing on the refinancing will be on or before May 31, 2030. The total amount to be paid to U.S. Bank Trust N.A., as Trustee, or the holder of the Debtor's first mortgage, c/o Select Portfolio Servicing, Inc., or the servicer of the first mortgage at the time of refinancing, will be determined by the Court. The remaining balance at the time of closing on the refinancing will be disbursed by the closing agent for the refinancing in a lump sum directly to U.S. Bank Trust, N.A., as Trustee, or to Select Portfolio Servicing, Inc., or the servicer of the Debtor's first mortgage at the time of the refinancing.

G) If the Trustee's compensation rate is increased or decreased during the course of the Plan by the United States Trustee and the Plan does not provide for sufficient funds to cover the increase or provides more than required, the Debtor may modify the Plan payments to adjust for any changes.

## Part 10: Signatures

By signing below, attorney for Debtor(s) or unrepresented Debtor(s) certifies that this Plan contains no nonstandard or additional provisions other than those in Part 9 of the Plan, and that the Debtor(s) are aware of, and consent to the terms of this Plan.

Date: June 25, 2025

REGIONAL BANKRUPTCY CENTER OF SOUTHEASTERN PA, P.C., by:

Roger V. Ashodian
Attorney ID #42586
101 West Chester Pike, Suite 1A
Havertown, PA 19083

Attorney for Debtor(s)

Date: 6/25/25

Anthony Wall, Debtor